```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                  :

        Plaintiff,                                    :    **SCHEDULING ORDER**

    - against -                                     :    08 Civ. 1993 (SAS)

$1,399,313.74 IN UNITED STATES           :    **Conference Date**: March 26, 2008
CURRENCY, FORMERLY ON DEPOSIT
IN ACCOUNT NO. _____3844, IN THE     :
NAME OF IVAN MEJIA CABAL AND
CARLOS FERNANDO MEJIA CABAL,       :
HELD AT HSBC BANK, NEW YORK,

                                :

        Defendant-in-rem.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 13, 2008 (the "Order); and

        WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

        NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

    (1)    The date of the conference and the appearances for the parties is March 26, 2008.

    (2)    The following is a concise statement of the issues:

        (a)    According to the Government, the issues in this case are whether the defendant-in-rem funds are subject to forfeiture (i) as property involved in money laundering transactions or attempted money laundering transactions; and (ii) as property involved in transactions structured to evade financial reporting requirements, in light of the fact that the deposits to Claimants' account at HSBC were made by and at the direction of a Columbian peso broker operating within the "Black Market Peso Exchange" system.

        (b)    According to the Claimant, the issues in this case include the following;

            (i)    Whether property can be forfeited to the Government in the absence of any factual allegations that the property was involved in the commission of an identifiable crime justifying forfeiture;

2

(ii) Whether forfeiture can be based solely on the Claimants having purchased dollars from a non-institutional currency exchanger in Colombia, without the need for proof that the dollars purchased are associated with any identifiable crime justifying forfeiture;

(iii) Whether the claimants are innocent owners of the Defendant Funds;

(iv) Whether forfeiture of the entire amount of the Defendant Funds is a disproportionate penalty for the activity allegedly giving rise to forfeiture; and

(v) Whether the Government is improperly asserting extraterritorial jurisdiction in attempting to criminalize a Colombian's use of a noninstitutional currency exchanger in Colombia.

(3) The parties propose the following with respect to discovery:

(a) The names of the persons to be deposed and a schedule of planned depositions;

(i) Currently, the Government's list of people to be deposed includes the following:

(A) Ivan Mejia Cabal, Claimant;  — Columbia
(B) Carlos Fernando Mejia Cabal, Claimant; — Spain
(C) Oscar Franco Lema, Peso exchange broker;
(D) Secretary to Ivan Mejia Cabal;
(E) Account manager at HSBC responsible for the account in which the defendant-in-rem funds were deposited;
(F) Three to four holders of U.S.-based bank accounts on which checks were drawn and made out to the Claimants, which first were sent to Oscar Franco Lema in Columbia, and then sent to HSBC via Federal Express for deposit into Claimants' account;
(G) Any experts identified by the Claimants;
(H) Other individuals not known to the Government prior to the initiation of discovery whose testimony may be relevant to the claims and defenses in this action.

(ii) Claimants anticipate deposing any agents who contributed information leading to the issuance of the seizure warrant and/or the complaint; Plaintiff's experts; and any other persons the relevance of whose testimony becomes apparent in discovery.

(b) Initial interrogatories and requests for documents to be served April 4, 2008, with responses to be served by May 4, 2008;

2

     (i) Pursuant to Fed. R. Civ. P. 26(a)(1)(E), this forfeiture *in rem* action is exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1).

     (ii) The parties do not agree as to the timing for service of interrogatories pursuant to Local Rule 33.3(c) [handwritten: Rule 33 Interrogs April 4, Response May 19]

      (A) The Claimants request that the Government agree to permit expansion of the scope of interrogatories permitted by Southern District of New York Local Rule 33.3, to permit Claimants to inquire as to all facts upon which the Government rests its claims;

      (B) The Government objects to a deadline for service of and response to those interrogatories contemplated by Local Rule 33.3(c) "seeking the claims and contentions of the opposing party," prior to the time periods set forth in Local Rule 33.3(c), which provides for the service of such contention interrogatories "at the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date."

     (iii) Requests to admit shall be served no later than June 9, 2008.

  (c) Expert discovery shall be completed by August 31, 2008.

     (i) Any reports by the Government's experts will be supplied to the Claimant by June 1, 2008, and any reports by the Claimant's experts will be supplied by July 1, 2008, or 30 days after the Government has furnished its expert report.

     (ii) Expert depositions to be concluded by August 31, 2008.

  (d) Fact discovery to be completed by August 31, 2008.

  (e) The Government will supply its pre-trial order matters to defendant on _____;

  (f) The parties will submit on _____ a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial.

  (g) A final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) will be on: _____

 (4) The parties are not currently aware of and therefore do not request at this time that any limitations to be placed on discovery, including any protective or confidentiality orders; however, the parties are willing to consider and discuss in good faith the need for any such orders that may arise.

 (5) Aside from the dispute regarding the timing for service of and response to Local

Rule 33.3(c) interrogatories, there are no other discovery issues at this time on which counsel, after a good faith effort, were unable to reach an agreement.

(6) The parties have identified the following as anticipated fields of expert testimony:

(a) The Government expects to present expert testimony on the composition and operation of the Black Market Peso Exchange ("BMPE"), including the methods by which narcotics proceeds are laundered through the BMPE, and the extent to which this use of the BMPE is known and publicized in Columbia.

(b) Claimants anticipate presenting expert testimony as to the multiple sources of the dollars obtained through noninstitutional currency exchangers in Colombia, the absence of any affiliation between many noninstitutional currency exchangers and drug traffickers, Colombians' knowledge that some noninstitutional currency exchangers collaborate with drug traffickers and some do not, and the legality in Colombia of purchasing dollars through noninstitutional currency exchangers.

(7) The parties agree that a trial in this case would take no longer than one week, but at this time do not both consent to a trial before the court:

(a) The Government's current position is that it intends to seek a trial by jury of this case, but is willing to revisit its position and discuss the possibility of proceeding to trial before the Court after the parties exchange discovery that reveals, for example, a limited number of disputed issues of fact that could be tried more expediently before the Court.

(b) Claimants agree that a trial of this matter is not likely to require longer than one week, and believe that a non-jury trial would be more expedient, and will therefore oppose the government's motion for a jury trial.

(8) This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9) The contact information for and signature of counsel for the parties are as follows:

(a) For the Government:

Michael J. Garcia
United States Attorney
Southern District of New York

By: *Sharon Frase /SR*
Sharon E. Frase (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza

2

            New York, NY 10007
            Tel:     (212) 637-2329
            Fax:    (212) 637-0421
            Email:  Sharon.Frase@usdoj.gov

(b)    <u>For the Claimant</u>:

            _____
            Alan S. Fine
            Edward A. Licitra
            Fine & Licitra, LLP
            255 Alhambra Circle, Suite 850
            Coral Gables, Florida 33134
            Tel:    (305) 424-2400
            Fax:   (305) 424-2401
            e-mail:  afine@fine-law.com; elicitra@fine-law.com

_____
Alan Silber
Lin C. Solomon
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, New Jersey 07068
Tel:   (973) 992-5300
Fax:   (973) 992-1505
Email:  ASilber@whbesqs.com; lcsolomon@whbesqs.com

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

3/26/08

2