UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,           :

                       :

           Plaintiff,              :

                       :            **OPINION AND ORDER**

          - against -               :

                       :            08 Civ. 1993 (SAS)

$1,399,313.74 IN UNITED STATES    :
CURRENCY, FORMERLY ON
DEPOSIT IN ACCOUNT NUMBER    :
___3844, IN THE NAME OF IVAN    :
MEJIA CABAL AND CARLOS
FERNANDO MEJIA CABAL, HELD AT :
HSBC BANK USA, NEW YORK,       :

                       :

          Defendant in rem.       :

                       :
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

On February, 28, 2008, the Government filed a verified complaint for

civil forfeiture in rem against $1,399,313.74 in funds (the "Defendant Funds")

held in a personal savings account at HSBC Bank in New York (the "Account") in

the names of Ivan Felipe Mejia Cabal and Carlos Fernando Mejia Cabal

(collectively, "Claimants").  The Defendant Funds were seized by the Government

on September 10, 2007, pursuant to a warrant issued by Magistrate Judge Gabriel

W. Gorenstein.  On June 30, 2008, this Court granted Claimants' motion to

dismiss the complaint, with leave to replead.[1]  On July 18, 2008, the Government

filed an amended verified complaint, which this Court dismissed on November 17,

2008, with leave to replead the newly-alleged unlicensed money-transmitting

businesses claim.[2]  The Government declined to file an amended Complaint but

chose, instead, to file a notice of appeal.  The Government now moves for a stay of

the November 17, 2008 judgment or a bond pending appeal, pursuant to 28 U.S.C.

§ 1355(c), and for an entry of a certificate of reasonable cause, pursuant to 28

U.S.C. § 2465.  For the following reasons, both motions are denied.

## II.    BACKGROUND

The Account is a personal savings account that was opened on or

about July 11, 2002 at HSBC Bank in New York.[3]  Claimants are the beneficial

owners and signatories on the Account.[4]  Claimants own and operate a container

manufacturing business located in Colombia.[5]  Claimants used the Account to

conduct monthly exchanges of U.S. dollars and Colombian pesos with peso broker

---

[1]      *See United States v. $1,399,313.74 in U.S. Currency* ("*Currency I*"),
No. 08 Civ. 1993, 2008 WL 2605102 (S.D.N.Y. June 30, 2008).

[2]      *See United States v. $1,399,313.74 in U.S. Currency* ("*Currency II*"),
No. 08 Civ. 1993, 2008 WL 4921999 (S.D.N.Y. Nov. 17, 2008).

[3]      *See* Second Amended Complaint ¶¶ 13-14.

[4]      *See id.* ¶ 14.

[5]      *See id.* ¶ 16.

Oscar Franco Lema ("Lema").[6]

In 2007, Claimants told investigators that the purpose of the Account was to accumulate money to purchase an apartment in New York. However, in light of the economic downturn, and concomitant changes in the Claimants' personal and business financial condition, Claimants now aver that they need the funds in order to keep their family business financially viable and to pay off rising personal debts.[7] If they cannot recover the funds soon, they state that their business will be forced to lay off many employees.[8]

## III.   APPLICABLE LAW

### A.   Stay or Bond in Civil Forfeiture Appeal

In a civil forfeiture action, a motion for a stay or bond pending appeal is governed by 28 U.S.C. § 1365(c), which provides:

> In any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, the district court or the court of appeals shall issue any

---

[6]   *See id.* ¶ 17. The Government refers to Lema as "Franco."

[7]   *See* Declarations of Ivan Felipe Mejia Cabal and Carlos Fernando Mejia Cabal, attached as Exhibits A and B to Claimants' Opposition to Government's Motion for Stay or Bond Pending Appeal, and for Entry of a Certificate of Reasonable Cause.

[8]   *See id.*

order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

Although the statute contains seemingly mandatory language, the Second Circuit has explained that the Government is not "entitled to an automatic stay of the district court's ruling."[9]  The court explained:

> The government's "right" to the funds depends upon the strength of the merits of its case, including its ability to demonstrate, inter alia, that all of the funds in question were the fruits of criminal activity.  Were we to ignore the plain language and read this statute otherwise, allowing the government to seize funds without regard to the legal viability or evidentiary strength of its civil forfeiture case, the statute would be subject to the gravest constitutional doubts under the Due Process clause of the Fifth Amendment.[10]

Rather than granting an automatic stay, a court should consider "the usual standards for determining whether to grant a stay pending appeal apply under Section 1355(c)."[11]  These include:

> (i) [W]hether, absent a stay, the moving party may suffer irreparable harm; (ii) the substantiality of harm to the opposing party if a stay is granted; (iii) whether the movant

---

[9]    *In re All Funds in Accounts in Names Registry Pub., Inc.*, 58 F.3d 855, 856 (2d Cir. 1995) (per curiam).

[10]    *Id.*

[11]    *Id.*

has demonstrated a substantial possibility of success on appeal;[12] and (iv) any public interests that might be affected.[13]

With respect to the substantial probability of success factor, "[t]he necessary level or degree of possibility of success will vary according to the court's assessment of the other [stay] factors."[14]

## B.   Certificate of Reasonable Cause

Section 2465 of Title 28 provides that "[u]pon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law,"

> [I]f it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs,

---

[12]   The Second Circuit has offered a slightly amplified formulation of this factor in other decisions, stating that a court should consider whether the movant has "a substantial possibility, although less than a likelihood, of success." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quotation marks omitted)

[13]   *Id.* (quotation marks omitted).

[14]   *Id. See id.* at 102 (concluding that in the context of an alien appealing an adverse habeas decision, an alien may satisfy the "substantial possibility" prong by showing "something less than 50 percent chance" of success on the merits, in light of the significant hardship that an alien would suffer if the judgment were not stayed and the alien were ordered removed pending the appeal).

except as provided in [a later subsection].[15]

## IV.   DISCUSSION

### A.   Stay or Bond Pending Appeal

Claimants concede that if a stay is not granted, there would be

nothing to stop them from transferring the Defendant Funds out of the country.

Thus, the first factor favors the Government.[16]

Regarding the second factor, Claimants' funds were seized in

September 2007.  Claimants declare, and the Government does not contest, that

Claimants now need these funds in order to save their family business and their

personal lives from financial ruin.  The most recent statistics indicate that the

average time from filing a notice of appeal to reaching a final disposition in the

Second Circuit is 13.4 months.[17]  Thus, if this stay were not granted, Claimants

would clearly suffer great and substantial harm.[18]

---

[15]     28 U.S.C. § 2465(a)(2).

[16]     *Cf. In re All Funds in Accounts in Names Registry Pub.*, 58 F.3d at 856 (assuming that "if a stay is not granted, the government will be unable to recover the funds.").

[17]     *See* 2007 Judicial Business of the United States Courts, Table B-4.

[18]     *Cf. In re All Funds in Accounts in Names Registry Pub.*, 58 F.3d at 856 (finding substantial harm where "the continued withholding of these funds will end what chance is left for the commercial success of those claimant companies that are not already in bankruptcy proceedings").

The most difficult factor to evaluate is whether the Government has a "substantial possibility" of success on appeal.  Because (i) the Claimants have already suffered considerable financial harm as a result of the Government's decision to seize their funds, (ii) the allegations in the Complaints failed to support a reasonable belief that the funds were subject to forfeiture, and (iii) the Claimants declare that continued withholding of their funds would subject them to potential financial ruin, I conclude that the remaining stay factors weigh in favor of the Claimants.  Accordingly, the Government must meet a higher threshold to establish a "substantial possibility" of success on appeal.[19]

On the other hand, there is little case law from the Second Circuit on the precise issues raised in this case and the Second Circuit will review this Court's decision de novo.  Thus, the Government's chances of success on appeal are not insignificant.  Putting these considerations together, I conclude that this third factor does not weigh in favor of either party.

Finally, the public interest in granting the stay depends on the strength of the Government's case.  Because the Government's Complaint was dismissed for failing to state a claim, the public interest in continuing forfeiture of these funds is not great.  Conversely, there is clearly a public interest in not

---

[19]    *See Mohammed*, 309 F.3d at 102.

allowing the Government to continue to withhold substantial funds belonging to

foreign nationals when the Government has failed to support a reasonable belief

that the funds are subject to forfeiture.

Weighing these factors, and treating none of them as dispositive, I

conclude that the equities balance in favor the Claimants.  Accordingly, the motion

for a stay or bond is denied.

**B.      Certificate of Reasonable Cause**

A certificate of reasonable cause shall issue only if it appears that

there was "reasonable cause" for the seizure or arrest.  As this Court explained in

*Currency I*, a motion to dismiss a civil forfeiture action may be granted only if the

allegations in the Complaint, taken in the light most favorable to the Government,

fail to support a "reasonable belief" that the funds are subject to forfeiture.[20]

Accordingly, as this Court has already found that the Complaint and the Amended

Complaint failed to support a "reasonable belief" that the funds were subject to

forfeiture,[21] it follows that the more minimal allegations contained in the warrant

---

[20]      *See Currency I*, 2008 WL 2605102, at \*2, 5.  *Accord United States v. Mondragon,* 313 F.3d 862, 865 (4th Cir. 2002) (holding that the complaint must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture).

[21]      *See, e.g., Currency I*, 2008 WL 2605102 at \*5 ("There is no allegation supporting a *reasonable belief* that Claimants, who operate a container manufacturing company, had any connection to the manufacture, importation, sale

affidavit failed to establish a "reasonable cause" to seize the funds.

## V.    CONCLUSION

For the reasons set forth above, the Government's motions for a stay of the judgment or bond pending appeal, and for a certificate of reasonable cause, are denied.  The Clerk of the Court is directed to close this motion [docket no. 36].

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 17, 2009

_____

or distribution of a controlled substance, or any other offense listed in section 1961.") (emphasis added).

## - Appearances -

**For the United States of America**:

Sharon E. Frase
Assistant United States Attorney
United States Attorney's Office
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2329

**For Defendant in rem:**

Alan Silber, Esq.
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068
(973) 992-5300